JOHN M. AGNELLO (jagnello@carellabyre.com)
MELISSA E. FLAX (mflax@carellabyrne.com)
CARELLA, BYRNE, CECCHI,
  OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

*Attorneys for Defendants, FAMA Technology Inc.,*
*Procut Technologies, LLC and Farzad Ahmadpour*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NASA MACHINE TOOLS, INC., | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| v. | : | **NOTICE OF REMOVAL** |
| | : | |
| FAMA TECHNOLOGY INC., PROCUT TECHNOLOGIES, LLC, and FARZAD AHMADPOUR, | : | |
| | : | |
| Defendants. | | |

**TO:**  United States District Court
District of New Jersey
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Defendants, FAMA Technology Inc., Procut Technologies, LLC and Farzad Ahmadpour ("Defendants"), respectfully petition this Court for the removal of the above-entitled case from the Superior Court of New Jersey, Law Division, Morris County, Docket No. MRS-L-158-18 (the "Superior Court action"), to the United States District Court, District of New Jersey, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) and states as follows:

1. On or about January 23, 2018, Nasa Machine Tools, Inc. ("Nasa") filed a complaint in the Superior Court of New Jersey, Law Division, Morris County, Docket No. MRS-L-158-18 (the "Complaint"). Service of the Complaint was effectuated on Defendants on January 30, 2018. A true and accurate copy of the Complaint is attached as Exhibit A.

2. The Complaint asserts claims for breach of contract (First Count), tortious interference with an existing contract (Second Count), tortious interference with a prospective economic relationship (Third Count), unfair trade practices (Fourth Count), misappropriation of confidential and proprietary information (Fifth Count), misappropriation of trade secrets (Sixth Count)fraudulent misrepresentation (Seventh Count), unjust enrichment (Eighth Count) and punitive damages (Ninth Count). The Complaint alleges in the First Count damages in the amount of $184,300 and seeks a total award of not less than $5 million.

3. Nasa is a corporation organized and existing under the laws of New Jersey with its principal place of business at 1B Frassetto Way, Lincoln Park, New Jersey.

4. Defendant FAMA Technology Inc. ("FAMA") is a corporation organized and existing under the laws of Illinois with its principal place of business located at 155 Kirkland Avenue, Suite 600, Oswego, Illinois.

5. Defendant Procut Technologies, LLC ("Procut") is a limited liability company organized and existing with its principal place of business located at 2175 Rochester Drive #C, Aurora, Illinois. The members of Procut are Defendant Farzad Ahmadpour ("Ahmadpour"), an individual residing at 4715 Torphin Hill Court, Naperville, Illinois, Muametteki Ali, an individual residing at 2591 Summerhill Ct., Aurora, Illinois, and Zekir Share, an individual residing at 2578 Summerhill Ct., Aurora, Illinois.

6. The Plaintiff and all Defendants are citizens of different States and the amount in controversy exceeds $75,000. As such, the claims in the Complaint may be removed to this Court pursuant to the provisions of 28 U.S.C. §1446.

7. Since this Court has original jurisdiction over the Complaint pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), Plaintiff's Complaint may properly be removed to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

8. This Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b).

9. Upon the filing of this Notice of Removal, Defendant will give written notice to John H. Choi & Associates LLC (John H. Choi, Esq.), attorneys for Plaintiff. Defendants will also file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Morris County Courthouse, Law Division, Washington & Court Streets, Morristown, New Jersey 07963.

10. By filing this Notice of Removal, the Defendants do not waive any claims or defenses which may be available to them.

WHEREFORE, Defendants FAMA Technology Inc., Procut Technologies, LLC and Farzad Ahmadpour pray that this action be removed to the United States District Court, District of New Jersey.

Dated: February 28, 2018                    Respectfully submitted,

                                            CARELLA, BYRNE, CECCHI,
                                             OLSTEIN, BRODY & AGNELLO

                                            *Attorneys for Defendants*
                                            *FAMA Technology Inc., Procut Technologies, LLC*
                                            *and Farzad Ahmadpour*

                                            By:    */s/ Melissa E. Flax*
                                                    MELISSA E. FLAX

# EXHIBIT A

John H. Choi, Esq. (NJ Bar No. 013482003)
John H. Choi & Associates LLC
65 Challenger Road, Suite 100
Ridgefield Park, NJ 07660
201.580.6600
jchoi@jchoilaw.com

*Counsel for Plaintiff Nasa Machine Tools, Inc.*

| | |
|---|---|
| NASA MACHINE TOOLS, INC., a New Jersey company,<br><br>                    Plaintiff,<br><br>-against-<br><br>FAMA TECHNOLOGY INC., an Illinois company, PROCUT TECHNOLOGIES, LLC, an Illinois company, and FARZAD AHMADPOUR, an individual,<br><br>                    Defendants. | **SUPERIOR COURT OF NEW JERSEY, MORRIS COUNTY CIVIL DIVISION**<br><br>**CIVIL ACTION**<br><br>DOCKET NO.<br><br>**JURY TRIAL DEMANDED**<br><br>**COMPLAINT** |

Plaintiff, NASA MACHINE TOOLS, INC., files this Complaint against FAMA TECHNOLOGY INC., PROCUT TECHNOLOGIES, LLC and FARZAD AHMADPOUR (collectively, "Defendants") for the foregoing reasons:

1

## PARTIES

1. Plaintiff, Nasa Machine Tools, Inc. ("Plaintiff"), is a corporation organized and existing under the laws of New Jersey, has its usual place of business at 1B Frassetto Way, Lincoln Park, NJ 07035, in Morris County. Plaintiff is a manufacturer of industrial equipment including, but not limited to, computer numerical control (CNC) machines.

2. Defendant, Fama Technology Inc. ("Defendant Fama"), is a corporation organized and existing under the laws of Illinois, has its usual place of business at 4715 Torphin Hill Court, Naperville, IL 60564. Upon information and belief, Defendant Fama is in the business of providing services for software development and maintenance.

3. Defendant, Procut Technologies, LLC ("Defendant Procut"), is a limited liability company organized and existing under the laws of Illinois, has its usual place of business at 2175 Rochester Drive, #C, Aurora, IL 60506.

4. Defendant, Farzad Ahmadpour ("Defendant Ahmadpour"), is an individual residing at 4715 Torphin Hill Court, Naperville, IL 60564. At all relevant times, Defendant Ahmadpour was the President of Defendant Fama. Upon information and belief, Defendant Ahmadpour was at all relevant times President of Defendant Fama and co-owner of Defendant Procut.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Defendants because Defendants have transacted business within the State of New Jersey at all time relevant to this Complaint.

6. Venue is properly laid in this Court in that Defendants transact business in, some of the transactions upon which this action is based occurred in, or the causes of action arose in Morris County, New Jersey.

## STATEMENT OF FACTS

7. Plaintiff is a manufacturer of industrial equipment including, but not limited to, computer numerical control (CNC) machines ("Nasa CNCs"), and has been doing business since 1979. As such, Plaintiff's client base is well established with clients worldwide.

8. As a manufacturer of specialized equipment and because the equipment manufactured by Plaintiff are used by its customers in proprietary processes, visitors are not permitted to enter Plaintiff's facility without prior authorization. Moreover, Plaintiff strictly prohibits any visitors from filming or recording videos within its facilities.

9. Over approximately the past six years, Plaintiff engaged Defendant Fama for various projects relating to aftermarket service of Nasa CNCs. In particular, Defendant Fama was retained by Plaintiff to service the electronics and software components of Nasa CNCs that were sold to Plaintiff's customers.

10. During the years long relationship between Plaintiff and Defendant Fama and its President Defendant Ahmadpour, Defendants had access to Plaintiff's confidential and proprietary information, and trade secrets, including information pertaining to Plaintiff's customers and manufacturing processes and techniques ("Plaintiff's Trade Secrets").

11. Upon information and belief, at all relevant times, Defendants knew that Plaintiff's Trade Secrets were confidential and were not to be publicly disclosed.

12. Upon information and belief, during the years long relationship, Defendants became aware of a contractual relationship between Plaintiff and Plaintiff's largest customer ("Customer 1").

13. In mid-2016, Plaintiff engaged Defendant Fama to help Plaintiff develop and install software (the "Software") for Nasa CNCs. The engagement also included maintenance of the

Software for one year. Defendant Fama and Defendant Ahmadpour agreed to assign their rights to the Software to Plaintiff, who also contributed to the development of the Software.

14. As such, Plaintiff agreed to pay Defendant Fama approximately $22,100 for helping in developing the Software, and installing and maintaining the Software for each Nasa CNC, which was well over the approximately $7,500 market rate if Plaintiff were to have licensed similar software from elsewhere.

15. Between approximately July 2016 and September 2017, the Software, which Plaintiff branded "Vision System," was developed and installed on eight CNC machines that Plaintiff sold to Customer 1, for which Plaintiff has paid Defendant Fama approximately $184,300, including travel costs.

16. Unbeknownst to Plaintiff, upon information and belief, Defendant Ahmadpour planned to use the opportunity to form a new company to market their own CNC machines along with the Software to Plaintiff's customers. Upon information and belief, Defendant Ahmadpour was aware that the owner of the Software was Plaintiff and that Plaintiff was in a contractual relationship with Customer 1.

17. Despite this knowledge, on or about January 9, 2017, Defendant Procut was formed. Upon information and belief, Defendant Ahmadpour is a co-owner of the company. Upon information and belief, Defendants Fama and Defendant Ahmadpour collaborated with others to manufacture and sell CNC machines ("Procut CNCs").

18. In early November 2017, Defendant Ahmadpour advised Plaintiff that Defendant Fama will no longer do business with Plaintiff and that he will independently market and sell Procut CNCs and the Software, which Plaintiff paid Defendant Fama to develop. In addition, Defendant Ahmadpour stated that he and his companies are now competitors of Plaintiff.

19. As well, Defendant Fama refused to forward to Plaintiff pass codes necessary to access the Software currently installed on Nasa CNCs, and also refused to turn over to Plaintiff the Software.

20. Upon information and belief, instead, Defendant Ahmadpour, on behalf of and as co-owner of Defendant Procut, independently solicited Plaintiff's customers, including Customer 1, in an effort to sell Procut CNCs and the Software.

21. Upon information and belief, in at least one instance, Defendant Procut was successful in selling a Procut CNC to one of Plaintiff's long-time customers in New Jersey ("Customer 2") that Defendant Ahmadpour had become aware of during his years long relationship with Plaintiff.

22. Upon information and belief, Defendant Procut markets the Software under the "Vision System" brand as its own.

23. As well, without Plaintiff's permission or knowledge and against Plaintiff's policy, Defendant Ahmadpour accessed Plaintiff's facility and filmed a proprietary manufacturing process showing Plaintiff's CNC machine and Software in use. The video clip was uploaded to YouTube on March 16, 2017 under the name, "FAMA Technology Camera Probing."

24. As a result of Defendants' unlawful acts, Plaintiff stands to lose millions of dollars in business from its current and prospective customers.

FIRST COUNT
BREACH OF CONTRACT
(Against Defendants Ahmadpour and Fama)

25. Plaintiff incorporates by reference paragraphs 1 to 24 as if fully set forth herein.

26. In mid-2016, Plaintiff offered to Defendants Fama and Ahmadpour valuable consideration to help develop, install, and maintain the Software for Plaintiff, which Defendant

5

Fama accepted. Defendants Fama and Ahmadpour also agreed to assign their rights to the Software to Plaintiff.

27. Between approximately July 2016 and September 2017, Plaintiff completed performance by paying Defendant Fama approximately $184,300.

28. Defendant Fama failed to complete performance by refusing to turn over the Software to Plaintiff and rendering Software inaccessible to Plaintiff.

29. As a direct result of Defendants' breach of contract, Plaintiff suffered damages in amounts that will be established at trial.

## SECOND COUNT
## TORTIOUS INTERFERENCE WITH AN EXISTING CONTRACT
(Against All Defendants)

30. Plaintiff incorporates by reference paragraphs 1 to 29 as if fully set forth herein.

31. Plaintiff was in a contractual relationship to supply Nasa CNCs to Customer1 and, upon information and belief, Defendants were aware of the contractual relationship.

32. Nevertheless, Defendants intentionally and improperly interfered with Plaintiff's contractual relation by preventing Plaintiff and Customer 1 from accessing Software and instead, soliciting Customer 1 to purchase Procut CNCs, thereby preventing full performance of Plaintiff's contractual obligations.

33. As a direct and proximate result of Defendants' tortious interference with Plaintiff's existing contract, Plaintiff suffered damages in amounts that will be established at trial.

## THIRD COUNT
## TORTIOUS INTERFERENCE WITH A PROSPECTIVE ECONOMIC RELATIONSHIP
(Against All Defendants)

34. Plaintiff incorporates by reference paragraphs 1 to 33 as if fully set forth herein.

35. Plaintiff was actively engaged in continuing business and/or contractual relations with existing customers, including Customer 2, for the sale of Nasa CNCs, of which Defendants were aware.

36. Upon information and belief, Defendants successfully induced at least Customer 2 not to enter into or continue relations with Plaintiff.

37. Defendants intentionally and improperly interfered with Plaintiff's prospective economic or contractual relations with others by preventing Plaintiff from acquiring or continuing the prospective relations and by inducing Plaintiff's customers not to enter into or continue the prospective relations.

38. As a direct and proximate result of Defendants' tortious interference with Plaintiff's prospective economic relationship, Plaintiff suffered damages in amounts that will be established at trial.

FOURTH COUNT
UNFAIR TRADE PRACTICES
(Against All Defendants)

39. Plaintiff incorporates by reference paragraphs 1 to 38 as if fully set forth herein.

40. "No merchant, firm or corporation shall appropriate for his or their own use a name, brand, trade-mark, reputation or goodwill of any maker in whose product such merchant, firm or corporation deals." N.J.S.A. 56:4-1.

41. Plaintiff has invested in developing and marketing its CNC software, Vision System, which customers associate with Plaintiff.

42. Defendants deal in CNC machines and software and markets Vision System as its own, thereby appropriating Plaintiff's brand, trade-mark, reputation, and goodwill developed for Vision System, for their own use.

43. As a direct and proximate result of Defendants' unfair trade practices, Plaintiff suffered damages in amounts that will be established at trial.

## FIFTH COUNT
## MISAPPROPRIATION OF CONFIDENTIAL AND PROPRIETARY INFORMATION
(Against Defendants Ahmadpour and Fama)

44. Plaintiff incorporates by reference paragraphs 1 to 43 as if fully set forth herein.

45. Defendants Fama and Ahmadpour acquired confidential information regarding Plaintiff's customers during Defendant Fama's course of work for Plaintiff over the years.

46. Without Plaintiff's agreement, upon information and belief, Defendants Fama and Ahmadpour have used the confidential information to solicit business from Plaintiff's customers, in competition with Plaintiff.

47. Defendants Fama and Ahmadpour have also acquired confidential information about manufacturing processes from Plaintiff's facility without Plaintiff's knowledge or permission, during the course of work for Plaintiff.

48. Without Plaintiff's agreement, Defendants Fama and Ahmadpour communicated the confidential information publicly by posting it on YouTube to harm Plaintiff's business and to market Defendants' own products and services in competition with Plaintiff.

49. As a direct and proximate result of Defendants' misappropriation of confidential and proprietary information, Plaintiff suffered damages in amounts that will be established at trial.

## SIXTH COUNT
## MISAPPROPRIATION OF TRADE SECRETS
(Against All Defendants)

50. Plaintiff incorporates by reference paragraphs 1 to 49 as if fully set forth herein.

51. "[A] complainant is entitled to recover damages for misappropriation." N.J.S.A. 56:15-4.

52. "Misappropriation" means: (1) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or (2) Disclosure or use of a trade secret of another without express or implied consent of the trade secret owner by a person who: (a) used improper means to acquire knowledge of the trade secret; or (b) at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was derived or acquired through improper means." N.J.S.A. 56:15-2.

53. ""Improper means" means the theft, bribery, misrepresentation, breach or inducement of a breach of an express or implied duty to maintain the secrecy of, or to limit the use or disclosure of, a trade secret, or espionage through electronic or other means, access that is unauthorized or exceeds the scope of authorization, or other means that violate a person's rights under the laws of this State." *Id.*

54. Over the years, Defendants acquired Plaintiff's Trade Secrets to establish their own company, Defendant Procut, to manufacture and sell Procut CNCs and compete directly with Plaintiff.

55. Defendants acquired, used, and disclosed to others confidential information regarding Plaintiff's customers belonging to Plaintiff and knew or had reason to know that it was acquired by a breach of a duty to maintain secrecy.

56. Defendants also disclosed, on YouTube, information belonging to Plaintiff about a proprietary manufacturing process. This information was acquired through Defendant Fama's and Ahmandpour's espionage of Plaintiff's facilities.

57. As a direct and proximate result of Defendants' misappropriation of Plaintiff's trade secrets, Plaintiff suffered damages in amounts that will be established at trial.

## SEVENTH COUNT
## FRADULENT MISREPRESENTATION
(Against Defendants Ahmadpour and Fama)

58. Plaintiff incorporates by reference paragraphs 1 to 57 as if fully set forth herein.

59. In mid-2016, Defendants misrepresented to Plaintiff that Defendants would develop the Software with Plaintiff with the intention that Plaintiff rely on the misrepresentation to engage Defendant Fama in developing the Software.

60. Unbeknownst to Plaintiff, upon information and belief, Defendants planned to collect funds from Plaintiff to help develop the Software and use the opportunity to form a new company to market their own CNC machines along with the Software developed for and funded by Plaintiff.

61. In reasonable reliance on Defendants' misrepresentation, Plaintiff engaged Defendant Fama to help develop the Software.

62. Upon information and belief, while developing the Software, on or about January 9, 2017, Defendant Ahamadpour formed Defendant Procut. Defendant Procut uses and markets Procut CNCs and the Software in competition with Plaintiff.

63. As a result of Defendants' actions, Plaintiff paid for the Software that Defendants are preventing Plaintiff from accessing and Plaintiff has and will suffer loss of profits.

64. As a direct and proximate result of Defendants' fraudulent misrepresentation, Plaintiff suffered damages in amounts that will be established at trial.

## EIGTH COUNT
## UNJUST ENRICHMENT
(Against All Defendants)

65. Plaintiff incorporates by reference paragraphs 1 to 64 as if fully set forth herein.

10

66. Between approximately July 2016 and September 2017, Defendants Fama and Ahmadpour received approximately $184,300 from Plaintiff who, pursuant to their agreement, expected Defendants Fama and Ahmadpour to provide the Software and support for Software. Defendants failed to provide Plaintiff with the Software.

67. Defendant Ahmadpour used Plaintiff's Trade Secrets to form Defendant Procut and solicit Plaintiff's customers.

68. Defendants Fama and Ahmadpour were enriched beyond their contractual obligations. Defendants' retention of the approximately $184,300 without providing Plaintiff with the Software is unjust.

69. Defendant Procut was enriched due to its unlawful use of Plaintiff's Trade Secrets and therefore any profits gained by Defendant Procut are unjust.

NINTH COUNT
PUNITIVE DAMAGES
(Against All Defendants)

70. Plaintiff incorporates by reference paragraphs 1 to 69 as if fully set forth herein.

71. Defendants engaged in the aforementioned conduct with actual malice and/or wanton and willful disregard of Plaintiff who was harmed and will continue to be harmed by those acts and omissions.

72. Defendants willingly engaged in such conduct with the knowledge that its conduct would likely lead to substantial damage to Plaintiff.

73. Therefore, Defendants are liable to Plaintiff for punitive and exemplary damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a trial by jury and requests this Court:

a. to grant Judgment for Plaintiff on all counts;

b. to grant Plaintiff an award of damages, trebled, for Defendants' wrongful conduct in an amount to be determined at trial but not less than $5 million;

c. to grant Plaintiff an award of punitive damages in such amount as will sufficiently punish Defendants for their conduct and prevent a repetition of such conduct in the future;

d. to grant Plaintiff an award of attorney's fees;

e. to tax all costs against Defendants;

f. to grant Plaintiff appropriate injunctive relief to prohibit Defendants from continuing to engage in the conduct alleged herein; and

g. to grant Plaintiff such additional relief as this Court deems just.

Plaintiff reserves the right to amend its Complaint if investigation, discovery, and further information warrants such amendment, and further to assert any applicable matters of law during the pendency of this action.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable herein.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that pursuant to Rule 4:25-4, John H. Choi is hereby designated trial counsel.

## **CERTIFICATION**

I hereby certify that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any such action or proceeding presently contemplated to the best of my knowledge and belief.

Dated: January 23, 2018

                                                         /John H. Choi/
                                      John H. Choi (NJ Bar No. 013482003)
                                      John H. Choi & Associates LLC
                                      65 Challenger Road, Suite 100
                                      Ridgefield Park, NJ 07660
                                      (201) 580-6600
                                      jchoi@jchoilaw.com

                                      *Attorney for Plaintiff*

**Appendix XII-B1**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: | ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| John H. Choi | (201) 580-6600 | Morris |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| John H. Choi & Associates LLC | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 65 Challenger Road, Suite 100 Ridgefield Park, NJ 07660 | Complaint |
| | JURY DEMAND ■ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Nasa Machine Tools, Inc. | Nasa Machine Tools, Inc. v. Fama Technology Inc., Procut Technologies, LLC and Farzad Ahmadpour |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|---|
| 599/699 | ☐ YES ■ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ Yes ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ Yes ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ■ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ■ YES ☐ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ■ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ■ YES ☐ No |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED? ☐ YES ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Effective 06/05/2017, CN 10517

page 1 of 2

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300 TALC-BASED BODY POWDERS
- 601 ASBESTOS
- 623 PROPECIA
- 624 STRYKER LFIT CoCr V40 FEMORAL HEADS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category** ☐ Putative Class Action  ☐ Title 59

# Civil Case Information Statement

## Case Details: MORRIS | Civil Part Docket# L-000158-18

**Case Caption:** NASA MACHINE TOOLS, INC. VS FAMA TECHNOLOGY INC
**Case Initiation Date:** 01/23/2018
**Attorney Name:** JOHN HOON CHOI
**Firm Name:** JOHN H. CHOI & ASSOCIATES LLC
**Address:** 65 CHALLENGER RD STE 100 RIDGEFIELD PARK NJ 07070
**Phone:**
**Name of Party:** PLAINTIFF : Nasa Machine Tools, Inc.
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/23/2018                                                                                                        /s/ JOHN HOON CHOI
Dated                                                                                                              Signed