# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NASA MACHINE TOOLS, INC., | : | |
| | : | Civil Action No. 2:18-cv-2872(MCA)(MAH) |
| Plaintiff, | : | |
| v. | : | |
| FAMA TECHNOLOGY INC., PROCUT TECHNOLOGIES, LLC, and FARZAD AHMADPOUR, | : | |
| Defendants. | : | |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

MELISSA E. FLAX (mflax@carellabyrne.com)
CARELLA, BYRNE, CECCHI,
  OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

*Attorneys for Defendants, FAMA Technology Inc., Procut Technologies, LLC and Farzad Ahmadpour*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii
PRELIMINARY STATEMENT ........................................................................................ - 1 -
I.    BACKGROUND ................................................................................................. - 2 -
   A.   Plaintiff's Attorney Files The Patent Application ........................................... - 3 -
   B.   The Patent Application Establishes Needed Evidence .................................... - 4 -
II.   ARGUMENT ....................................................................................................... - 6 -
   A.   Mr. Choi Has Already Violated The RPC ...................................................... - 7 -
   B.   Mr. Choi's Concurrent Conflict Of Interest Is Ongoing ................................. - 9 -
   C.   Mr. Choi May Be Called As A Witness In The Future ................................ - 11 -
III.  Conclusion ......................................................................................................... - 11 -

# TABLE OF AUTHORITIES

**Cases**  **Page(s)**

*Celgene Corp. v. KV Pharm. Co.*, 07-4819 (SDW), 2008 U.S. Dist. LEXIS 58735, *6 (D.N.J. 2008) .................................................................................................................................... 6

*FMC Corp. v. Guthery*, 07-5409 (JAP), 2009 U.S. Dist. LEXIS 14609, *9 (D.N.J. 2009) ........... 6

*In the Matter of Jeffrey R. Ramberg* (Proceeding No. D2017-12), Before The Director of the United States Patent and Trademark Office ................................................................. 7

*Lee v. Park*, 2017 U.S. App. LEXIS 25758, *11 (3rd Cir. 2017) .................................................. 6

*Tangible Value, Inc. v. Town Sports Int'l Holdings, Inc.*, 19-1453, 2012 U.S. Dist. LEXIS 141580, *8 (D.N.J. 2012) ................................................................................................ 11

**RULES**

37 C.F.R. § 1.34 ............................................................................................................................. 7

37 C.F.R. § 11.107 ......................................................................................................................... 9

L.Civ.R 103.1(a) ............................................................................................................................ 6

RPC 1.7 .......................................................................................................................................... 9

RPC 3.4(b) ..................................................................................................................................... 8

RPC 3.7 ........................................................................................................................................ 10

RPC 8.4(c) ..................................................................................................................................... 8

RPC 8.4(d) ..................................................................................................................................... 8

**PRELIMINARY STATEMENT**

Defendants FAMA Technology ("FAMA"), Procut Technologies, LLC ("Procut") and Farzad Ahmadpour (collectively FAMA, Procut and Ahmadpour are referred to as "Defendants") hereby move this Court for an order disqualifying Plaintiff Nasa Machine Tools, Inc.'s counsel, John H. Choi.

Prior to initiating this litigation, Mr. Choi filed a patent application with the United States Patent and Trademark Office ("USPTO") on behalf of Mr. Ahmadpour, but failed to inform Mr. Ahmadpour of his intention to file the application. Mr. Choi's filing of the patent application on behalf of Mr. Ahmadpour represented to the USPTO that he had Mr. Ahmadpour's authority to file the patent application. This was a flagrant misrepresentation and violation of the USPTO rules.[1] Defendants believe that the only purpose for filing the patent application was to gain some sort of litigation advantage, not to actually protect any patentable rights, especially when the patent application is directed to unpatentable subject matter. The patent application filed by Mr. Choi is drawn on non-patentable subject matter which Mr. Choi knew or should have known had he spoken with Mr. Ahmadpour prior to filing the patent application. As a result of filing the patent application, Mr. Choi has already violated a number of New Jersey's Rules of Professional Conduct ("RPC").

Having filed the patent application on behalf of Mr. Ahmadpour, Mr. Choi's bringing of this Complaint creates a concurrent conflict of interest. As litigation proceeds either here or in

---

[1] In parallel with this motion Mr. Ahmadpour filed a grievance with the USPTO through his counsel. (*See* April 12, 2018 grievance letter from Neil A. Benchell to the Director for the Office of Enrollment and Discipline, United States Patent and Trademark Office, attached as Exhibit A to the Declaration of Neil A. Benchell in Support of Defendants' Motion to Disqualify ("Benchell Decl.")).

the Northern District of Illinois,[2] Mr. Choi's filing the patent application without Mr. Ahmadpour's authority will become an issue for which Mr. Choi will be called to testify as a witness. As explained further below, for these reasons, Mr. Choi should be disqualified as counsel for Plaintiff.

**I.  BACKGROUND**

This case arises out of an alleged agreement between Plaintiff and one of the Defendants, FAMA who had agreed to develop a vision probing system to be added to Plaintiff's machines. Eight systems were sold to one customer before the relationship between Plaintiff and FAMA soured in November 2017. (*See* Complaint (Dkt. No. 1, Exhibit B to the Benchell Decl.) ("Complaint") at ¶¶ 13-15 and 18).[3] At the outset of the vision probing system project, FAMA's president, Farzad Ahmadpour sent a report to Plaintiff's president, Robert DeGeorge, explaining how he was going to develop the new system and a proposal for the purchase of seven vision probing systems. (*See* Ahmadpour Declaration, attached as Exhibit C to the Benchell Decl. ("Ahmadpour Decl.") at ¶ 6; July 31, 2016 email from Farzad Ahmadpour to Bob DeGeorge, attached as Exhibit D to the Benchell Decl.). Plaintiff subsequently issued purchase orders for eight systems. (*See* Ahmadpour Decl. at ¶ 8; *see e.g.* October 13 purchase order for the delivery of the first three vision probing systems, attached as Exhibit E to the Benchell Decl.). No other written agreements or contracts concerning the vision probing system were entered into.

---

[2] On March 30, 2018, Defendants filed their Motion to Dismiss Plaintiff's Complaint (Dkt. No. 5). In the motion, Defendants explain that at about the same time that this complaint was filed, Defendant FAMA filed a complaint in the Northern District of Illinois and that in the alternative to dismissing Plaintiff's complaint outright, this Court could transfer this case to Illinois where Plaintiff has already waived personal jurisdiction and venue.

[3] While Defendants dispute many of the facts contained in these allegations, for purposes of this motion Defendants do not dispute that FAMA agreed to develop and sell vision probing systems to be added onto Plaintiff's machines.

A.     **Plaintiff's Attorney Files The Patent Application**

On December 21, 2017, Mr. Choi sent a cease and desist letter to Defendants on behalf of Plaintiff.  (*See* December 21, 2017 letter John H. Choi to Farzad Ahmadpour, attached as Exhibit F to the Benchell Decl.).  Mr. Choi demanded, among other things, that Defendants return all money paid to Defendant FAMA for the vision probing systems, discontinue marketing and sales of the system and assign all rights in the "Software"[4] to Plaintiff.  (*See* Ahmadpour Decl. at ¶ 12).  Notably, Mr. Choi's letter was silent about any patent filing.  After discussions failed to resolve the matter, Plaintiff filed this lawsuit on January 23, 2018 in New Jersey State Court.[5]

Subsequent to filing the complaint, Mr. Choi revealed – for the first time – that he had filed a provisional patent application on behalf of Mr. DeGeorge and Mr. Ahmadpour, naming them co-inventors and applicants.  (*See* patent application, attached as Exhibit G to the Benchell Decl.).  Mr. Choi filed the patent application on December 14, 2017, one week prior to sending his cease and desist letter, yet never said anything about having filed the patent application on behalf of Mr. Ahmadpour in that letter.  The existence of the patent application only came to light on February 14, 2018 as part of a settlement offer to assign FAMA the rights to the patent application notwithstanding that FAMA's president is named as co-inventor with an undivided ownership share of the patent application.  Although Mr. Ahmadpour was never involved in the preparation of the patent application, the application is substantially taken from Mr. Ahmadpour's original proposal for implementing the vision probing system.  (*Compare* Ex. D at 2-4 *with* Ex. G; *see* Ahmadpour Decl. at ¶ 15).

---

[4] It is unclear what Plaintiff means by "Software."  There is no dispute that Plaintiff received software as part of the sale of the complete vision probing system, which is a combination of hardware and software.  Thus, until Plaintiff can provide a better explanation for what it means by "Software" Defendants presume this refers to the entire vision probing system.

[5] That case was removed to this Court on February 28, 2018.  (*See* Notice of Removal (Dkt. No. 1)).

In view of Mr. Choi's apparent representation of Mr. Ahmadpour before the USPTO, Defendants asked Mr. Choi to withdraw as Plaintiff's counsel here to avoid the concurrent conflict of interest. (February 22, 2018 letter from Neil A. Benchell to John H. Choi, attached as Exhibit H to the Benchell Decl.). In response, Mr. Choi claimed that he was not representing Mr. Ahmadpour stating, "I have never communicated with Mr. Ahmadpour, verbally or in writing; [and] Mr. Ahmadpour never instructed me to file the Provisional Application." (February 28, 2018 letter from John H. Choi to Neil A. Benchell, attached as Exhibit I to the Benchell Decl.). Mr. Choi explained that pursuant to the USPTO's rules if he had been representing Mr. Ahmadpour he would be required to obtain a signed power of attorney from Mr. Ahmadpour, concluding that "no such written instrument exists and therefore, I do not represent Mr. Ahmadpour in the Provisional Application." (*Id.*).

**B.     The Patent Application Establishes Needed Evidence**

Defendants believe that Mr. Choi filed the patent application when he did – in the way he did – to gain some perceived settlement or litigation advantage. Had Mr. Choi spoken with Mr. Ahmadpour prior to filing the patent application, he would have learned that Mr. Ahmadpour relied on other people's work to develop the vision probing system. (*See* Ahmadpour Decl. at ¶¶ 5 and 14). In Mr. Ahmadpour's opinion, there is nothing in his work, or the patent application that is patentable. (*See id*. at ¶ 14). As such, Mr. Ahmadpour would never have filed a patent application for the vision probing system. Thus, Mr. Choi has filed a patent application that is unpatenable, without the permission of one of the applicants.

The patent application merely provides support for the allegations in the Complaint that are directly contradicted by the contemporaneous evidence. For example, Plaintiff asserts that FAMA and Mr. Ahmadpour were offered "valuable consideration to *help* develop, install and

maintain" the vision probing system, and that "Defendants planned to collect funds from Plaintiff to *help* develop the" vision probing system. (Complaint at ¶¶ 26 and 60 (emphasis added)). Plaintiff's involvement in the development of the vision probing system and any accompanying ownership rights are central to both Count I (breach of contract), and Count VII (fraudulent misrepresentation). The only evidence that Defendants "helped" Plaintiff, rather than Defendants developing the system on their own, or that Plaintiff has any ownership rights whatsoever in the system is the patent application. In fact, all other evidence tends to show that only Defendants developed the system and sold the completed systems to Plaintiff.

FAMA developed the vision probing system that is the basis for the patent application alone. (*See* Ahmadpour Decl. at ¶ 7) The only involvement Plaintiff had in the development of the vision probing system was to mount the computer used for the system on Plaintiff's CNC machine. (*See id.*). Other than that nobody worked with FAMA to develop the vision probing system, including Mr. DeGeorge. (*See id.*). The only "design" document shared by the parties was from FAMA to Plaintiff. (*See id.* at ¶ 6; Ex. D at 2-4). FAMA also provided Plaintiff with an estimate of the cost of the system (*see* Ex. D at 5), and based on that estimate, Plaintiff issued a series of purchase orders to FAMA (*see, e.g.* Ex. E). Thus, the contemporaneous evidence demonstrates that FAMA developed the vision probing system alone, and that Plaintiff purchased the completed systems from FAMA.

Thus, the only conceivable purpose for filing the patent application was to develop new facts that belie the truth of the evidence. The patent application is the only piece of evidence that exists showing the Plaintiff was involved in the development of, or had an ownership interest in the vision probing system; evidence that was created well after the agreement to purchase the system from FAMA, and shortly before Plaintiff filed the Complaint. Through the patent

application, Plaintiff establishes that its president was involved in the development of the vision probing system such that he was named co-inventor, even though he had nothing to do with the development of the system. The patent application also establishes that Plaintiff, through its president, has ownership rights in the system. Thus, it appears that the patent application is nothing more than an attempt to create false evidence to support Plaintiff's Complaint well after the actions alleged in this lawsuit.

## II.     ARGUMENT

The New Jersey Rules of Professional Conduct ("RPC") govern the practice of attorneys before this Court. *See* L. Civ. R 103.1(a). "It is well-established that district courts are empowered with 'inherent authority to supervise the professional conduct of attorneys appearing before it.'" *Lee v. Park*, 2017 U.S. App. LEXIS 25758, *11 (3rd Cir. 2017) (quoting *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980)). Courts will only disqualify an attorney when it determines that disqualification is the appropriate means of enforcing the applicable disciplinary rule. *See Celgene Corp. v. KV Pharm. Co.*, 07-4819 (SDW), 2008 U.S. Dist. LEXIS 58735, *6 (D.N.J. 2008). Motions to disqualify are disfavored and disqualification is considered a "drastic measure." *See FMC Corp. v. Guthery*, 07-5409 (JAP), 2009 U.S. Dist. LEXIS 14609, *9 (D.N.J. 2009) (quoting *Alexander v. Primerica Holdings, Inc.*, 822 F.Supp. 1099, 1114 (D.N.J. 1993)).

This Court has the inherent authority to disqualify Mr. Choi, if it determines that disqualification is necessary to enforce the disciplinary rules. Given Mr. Choi's actions concerning the filing of a patent application without Mr. Ahmadpour's authority or agreement, as well as the obvious results of those actions, the Court may have no choice but to disqualify Mr. Choi from representing anybody in this case.

### A. Mr. Choi Has Already Violated The RPC

A patent practitioner appearing before the USPTO on behalf of a party, such as an inventor, represents that they are authorized to represent the party it is appearing on behalf of:

> When a patent practitioner acting in a representative capacity appears in person or signs a paper in practice before the United States Patent and Trademark Office in a patent case, his or her personal appearance or signature shall constitute a representation to the United States Patent and Trademark Office that under the provisions of this subchapter and the law, he or she is authorized to represent the particular party on whose behalf he or she acts.

37 C.F.R. § 1.34.  When Mr. Choi filed the patent application on behalf of Mr. Ahmadpour, he was misrepresenting to the USPTO that he had the authority to do so.  The fact that Mr. Ahmadpour never agreed to be represented by Mr. Choi demonstrates that Mr. Choi has clearly violated the rules for practicing before the USPTO.  Mr. Choi's misrepresentation to the USPTO does not end there.  Mr. Ahmadpour does not believe that there is anything patentable in the application, something Mr. Choi would have known had he contacted Mr. Ahmadpour prior to filing the patent application.  By filing the patent application he represented that the application contains patentable material, which he knew or should have known it does not.

The USPTO took action against another patent practitioner on similar grounds in *In the Matter of Jeffrey R. Ramberg*, (Proceeding No. D2017-12), Before The Director of the United States Patent and Trademark Office (attached as Exhibit J to the Benchell Decl.).  There, the patent practitioner had not obtained a written engagement agreement from the inventors prior to filing a provisional patent application.  *See id.* at ¶¶ 5-6.  Nor had he explained to the parties the scope of his representation.  *See id*. at ¶ 7.  In addition, the patent practitioner "failed to conduct an independent analysis to determine the inventive entity prior to signing and filing" the patent application.  *Id.* at ¶ 14.  In other words, as here, the patent practitioner did not attempt to determine who was the proper inventor.  Similarly, Mr. Choi did not enter into a written

- 7 -

agreement with Mr. Ahmadpour; never explained the scope of his representation to Mr. Ahmadpour, and failed to conduct *any* analysis prior to filing the patent application.  Unlike Mr. Choi's actions here though, when a conflict arose with the filing of a lawsuit, the patent practitioner withdrew his representation of one of the parties.  *See id*. at ¶¶ 21-22.  Yet, the patent practitioner was still reprimanded, required to attend legal ethics CLE classes, and retake the Multistate Professional Responsibility Examination in view of his violation of the USPTO's rules.  *See id.* at ¶¶ 30-31.

"It is professional misconduct for a lawyer to… engage in conduct involving dishonesty, fraud, deceit or misrepresentation." RPC 8.4(c).  By definition, Mr. Choi's misrepresentation to the USPTO violates this rule.  Given that the patent application concerns the vision probing system which is central to this litigation, this misrepresentation to the USPTO significantly impacts this case as it establishes evidence supportive of Plaintiff's allegations that simply did not exist before.

It is also "professional misconduct for a lawyer to… engage in conduct that is prejudicial to the administration of justice."  RPC 8.4(d).  The patent application creates "facts" that are simply not borne out by the contemporaneous evidence.  Specifically, it attempts to establish that Plaintiff, through its president, was involved with the development of the vision probing system and has ownership rights in the system.  This is simply not the case.  Moreover, it is drawn on unpatentable material, which Mr. Choi knew or should have known.  The only conceivable purpose for the patent application is to create new "facts" to support Plaintiff's allegations.  Creating such new "facts", especially where there is no evidentiary support, is clearly prejudicial to the administration of justice in this case.  Thus, Mr. Choi's filing of the patent application with no other apparent purpose except to support the Complaint, is a violation of RPC 8.4(d).

In addition, Mr. Choi's creation of new evidence through the filing of the patent application violates RPC 3.4, which states, "A lawyer shall not… falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law." RPC 3.4(b).  Here, Mr. Choi's preparation and filing of the patent application is explicitly prohibited by this rule.  Mr. Choi admits that he filed the application without Mr. Ahmadpour's permission or authority.  Moreover, as explained above, the application falsely establishes that Plaintiff's president, Mr. DeGeorge was involved in the development of the vision probing system, and that he has an ownership interest in the system.  While these "facts" are either explicitly, or implicitly alleged in the Complaint, the evidence contemporaneous with the development of the vision probing system contradicts both of these allegations.  Thus, Mr. Choi's preparation and filing of the patent application is the creation of false evidence in violation of RPC 3.4.

### B. Mr. Choi's Concurrent Conflict Of Interest Is Ongoing

Mr. Choi filed a patent application on behalf of Mr. Ahmadpour naming him co-inventor and applicant.  As explained above, pursuant to the USPTO's rules such a filing represents to the USPTO that Mr. Choi had the authority to file the patent application naming Mr. Ahmadpour. Although the representation was forced on Mr. Ahmadpour, Mr. Choi has now held himself out as representing Mr. Ahmadpour before the USPTO; he must now accept the responsibilities of that representation.  Mr. Choi then filed suit *against* Mr. Ahmadpour less than two months later. Since both the patent application and this lawsuit concern the vision probing system, Mr. Choi's representation in this lawsuit creates a direct and concurrent conflict of interest.

The New Jersey Rules of Professional Conduct prohibit an attorney from taking on a representation that creates a concurrent conflict of interest.  A concurrent conflict of interest may

occur where, (1) the representation of one client is adverse to another client; or (2) there is a risk that the representation of one client will be materially limited by his responsibility to another client, former client, or third person.  *See* RPC 1.7.[6]  Such is the case here.  Mr. Choi's representation of Plaintiff in this litigation is directly adverse to Mr. Ahmadpour, especially where Mr. Choi is seeking damages for the very project that allegedly led to the filing of the patent application.

Moreover, Mr. Choi may continue to represent Mr. Ahmadpour before the USPTO even as he litigates against Mr. Ahmadpour.  Although this application is only a provisional patent application, Mr. Choi may convert this application to a non-provisional patent application.[7]  In that event, Mr. Choi's representation of Mr. Ahmadpour's interests before the USPTO as a co-inventor and applicant will be ongoing.  Thus, Mr. Choi's representation of Mr. Ahmadpour will not extinguish with this first patent application.

Even if Mr. Choi is not considered to be representing Mr. Ahmadpour before the USPTO, his work here is still a conflict under RPC 1.7.  Mr. Choi has a duty of candor to the USPTO as it relates to the patent application.  To the extent Mr. Choi subsequently converts the provisional patent application to a non-provisional patent application that responsibility will not only continue but be expanded.  As a result of his responsibility to the USPTO concerning the patent application, Mr. Choi's duty of candor to the USPTO will require him to disclose information that may materially conflict with his representation of Plaintiff here.  Therefore, Mr. Choi's responsibility to the USPTO will materially limit his representation of Plaintiff.

---

[6] The USPTO has instituted language identical to RPC 1.7 for its restriction on conflicts of interest for patent practitioners such as Mr. Choi.  *See* 37 C.F.R. § 11.107.

[7] Converting the provisional application to a non-provisional patent application would be the next presumptive step to protect Mr. DeGeorge's and Mr. Ahmadpour's patent rights.  Thus, whether Mr. Choi converts to a non-provisional patent application may be telling of the true intent of the provisional patent application.

      **C.**      **Mr. Choi May Be Called As A Witness In The Future**

RPC 3.7 provides: "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client." RPC 3.7(a). While disqualification under RPC 3.7 may not occur until trial, "the court, in its discretion may disqualify an attorney during the pretrial stage of proceedings." *Tangible Value, Inc. v. Town Sports Int'l Holdings, Inc.*, 19-1453, 2012 U.S. Dist. LEXIS 141580, *8 (D.N.J. 2012) (citing *The Sherwood Group, Inc. v. Rittereisser,* 1991 U.S. Dist. LEXIS 7147 (D.N.J. 1991)).

In view of Mr. Choi's actions, Defendants now have an affirmative claim concerning Plaintiff's improper attempt to gain ownership of the vision probing system through the filing of the patent application and intend to pursue that claim to the fullest extent possible. Moreover, the patent application goes to the heart of at least one of the Plaintiff's claims asserted against Defendants. Ultimately, Mr. Choi will need to provide testimony on the preparation and filing of the patent application. Given the totality of the circumstances, and the fact that the case has not substantially proceeded at this point, the exercise of the Court's discretion to disqualify Mr. Choi now rather than waiting until trial, is appropriate.

**III.**    **Conclusion**

Mr. Choi prepared and filed a patent application without ever speaking with Mr. Ahmadpour, who is named as a co-inventor and applicant to the patent application. In so doing, he has violated a number of the USPTO's own rules. He has also violated RPC 1.7, 8.4(c) and 8.4(d) which disqualify him to be counsel in this case. In addition, his actions in creating false evidence through the filing of the patent application opens him up to being a witness in this litigation. Thus he cannot continue as trial counsel under RPC 3.4.

For these reasons, Defendants respectfully request that Mr. Choi be disqualified as the attorney of record for Plaintiff in this case, that he be prohibited from participating in the litigation except to the extent he may be called as a witness, and that he not assist Plaintiff in this litigation.

                                  Respectfully submitted,

                                  CARELLA, BYRNE, CECCHI,
                                   OLSTEIN, BRODY & AGNELLO

Dated: April 13, 2018                By:  */s/ Melissa E. Flax*
                                                MELISSA E. FLAX

Of Counsel:

Neil A. Benchell (nbenchell@bdl-iplaw.com)
Edward L. Bishop (ebishop@bdl-iplaw.com)
Nicholas S. Lee (nlee@bdl-iplaw.com)
BISHOP DIEHL & LEE, LTD.
1475 East Woodfield Road Suite 800
Schaumburg, IL 60173
Phone: (847) 969-9123
Fax: (847) 969-9124